**Albert J. FIHE and Elizabeth Fihe, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15726.**

United States Court of Appeals Ninth Circuit.

Oct. 21, 1958.

Albert J. Fihe, Burbank, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Marvin W. Weinstein, Lee A. Jackson, Melva M. Graney, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from the determination of the Tax Court upholding certain assessments of the Commissioner of Internal Revenue against the Fihes.

Albert J. Fihe is a practicing lawyer with a specialty in the field of patents and trademarks. He obtained, in 1937, a patent on a hamburger patty molding machine for one Harry Holly. A partnership was formed consisting of Albert J. Fihe and Holly, which continued until January, 1945, when Elizabeth Fihe and the wife of Holly were taken in as partners. The operation was profitable from this point. On September 25, 1946, an Illinois corporation, Holly Molding Devices, Inc., was organized. Each of the four partners received fifty shares of stock, which constituted the total issue.

Albert Fihe was advised of a plan involving Holly, an internal revenue agent and the auditor of the company to defraud the government of income taxes. He reported the matter, and the Federal Bureau of Investigation furnished him with marked money which he gave to the agent. As a result, Holly, the auditor of the company and the agent were convicted and served terms in federal penitentiaries. Thereupon, the Fihes sold their stock in the corporation.

There are four questions:

(1) Did the Fihes understate business income and claim excess itemized deductions during certain years?

(2) Did the Fihes understate income received by them from Holly Molding Devices, Inc.?

(3) Did the Fihes understate longterm capital gain received by them from the sale of their stock in Holly Molding Devices, Inc.?

(4) Were the Fihes guilty of negligence justifying the imposition of a per-

centage addition of the tax, as assessed by the Commissioner?

All these matters are pure questions of fact. It might be well, suffice it to say, that the Tax Court made exhaustive and detailed findings wherein the accounts are set out upon each of the first three issues, and this Court can discover no error in these determinations. As to the negligence, the finding was made and is supported by evidence. No error is apparent.

The contentions of Albert Fihe, who acted as his own attorney, are of such a nature that a brief disposition should be made of them. He charges that, as a result of the revelation of the conduct of the revenue agent above referred to and his participation in his conviction, he and his wife have been the object of a great deal of investigation and "what might actually be termed persecution" by the internal revenue agents. "A great deal of this activity comprised continued expressions of disbelief of the taxpayers returns, persistent requests for attendance at investigative hearings, one of which required the presence for an entire week by Albert in the offices of the Collector of Internal Revenue."

The record has been carefully reviewed and, although there is a considerable amount of suspicion injected into the record by Albert Fihe himself as a witness, there is nothing tangible upon which the charges can be plausibly based. This Court expressly finds such innuendoes unfounded. It is true that the Commissioner did litigate the question of the existence of a partnership between the husbands and wives. In view of the numbers of such claimed partnerships between persons in close relationship which turn out to be unfounded, the attempt was justified.

In justice to the Commissioner, it must be said that, when evidence was adduced which tended to establish the existence of the partnership, the point was conceded and the matter is not before this Court.

■ Again, it is urgently contended that, because both the Fihes testified that they contributed between $45,000.00 and $50,000.00 to the partnership and no contradicting testimony was adduced, these figures were established and the Tax Court was bound to find accordingly. This claim is, of course, unfounded. The sum of $20,000.00 was allowed because supported by other evidence. The claim of more than this sum in addition had no corroborating factors. Albert Fihe argued that such corroboration was unnecessary. It is doubtful on its face that a person would advance $25,000.00 with a partner such as Holly without a check, receipt or scratch of pen to prove it. As for the "uncontradicted" testimony, it will be noticed that Fihe made many other statements and claims which were careless and some of which were palpably preposterous. The Tax Court had a right to consider such matters in determining the weight to give this evidence.

■ As to the first question, no attempt will be made to prove item by item that the Fihes had understated business income and claimed excess itemized deductions. Only a few salient instances will be noted. The Tax Court upheld the disallowance of $2,600.00, representing the payment by Fihe of legal fees for Holly in the defense of the indictment upon which the latter was convicted. Also upheld was the disallowance of freight and travel expenses, including the cost of moving personal possessions of taxpayers from Chicago to California and the cost of maintaining the family in a hotel until a new home was established. Another deduction disallowed was the cost of new suits as "advertising expenses." Fihe testified: "If I do not look pretty prosperous, I do not get patent business," and "I think it is perfectly good advertising and the only way a lawyer can advertise." The skepticism of the court as to other deductions is at least understandable.

The second question, as to whether the Fihes received income from Holly Molding Devices, Inc., is a pure question of

fact. The Tax Court has made detailed findings of fact showing the various items allowed and disallowed. These findings were arrived at by a comparison of the books of the corporation, the personal accounts of petitioners and other data. This is essentially an accounting problem. While the accountant produced by the Commissioner did not always have a ready answer to questions regarding the books upon cross-examination and Fihe has given explanations of certain items in his testimony which do not accord with the disallowances, the problem was one of accounting. The credibility to be accorded the witnesses was primarily one for the Tax Court. As the matter lies, this Court cannot hold that the findings are clearly erroneous.

The third question is whether the Tax Court was correct in upholding the determination that taxpayers understated the long-term capital gain received by them in 1948 from the sale of their stock in Holly Molding Devices, Inc. Taxpayers sold their interests in the corporation pursuant to an option agreement executed in December, 1947. There are two problems: (1) the long-term capital gain received in 1948; and (2) the reporting of this gain on the installment basis under § 44(b) of the 1939 Code, 26 U.S.C.A. § 44(b). The basis used by the taxpayers was founded upon the claim already referred to that they had advanced a great sum of money to the partnership. The Commissioner allowed only about $20,000.00, based upon cost of real estate and the original values of stock. There was thus allowed nothing on the claims of large advances by taxpayers to which reference has heretofore been made. This basis cannot be disturbed on the record. The Commissioner computed the realization on the sale of stock to petitioners as follows:

"Option payment (made in December 1947).... $ 1,000
"Cash payment (made in January 1948)..... 24,000
"Credit to personal account of A. J. Fihe....... 5,000

"Face amount of notes and mortgage ........ 70,000
"$100,000"

Taxpayers received $17,500.00 in monthly payments in 1948 out of the $70,000.00. The question whether these notes secured by a chattel mortgage had a fair market value was one of fact. Taxpayers claim that the notes were not negotiable. But that is not the test. They were secured and the payments were promptly made. Taxpayers contend that the security was of no value, but produced no evidence to that effect. In view of the record, the finding of the Tax Court is not erroneous.

Taxpayers were not entitled to use the installment method of reporting gain on the transaction, since the initial payments exceeded 30 per centum of the selling price. Furthermore, Albert Fihe failed to attach any schedule D to his 1948 return or otherwise indicate that taxpayers had made an election.

The Tax Court was correct in sustaining the determination that part of the deficiencies for three different years were due to negligence or intentional disregard of the rules and regulations. The record fully justifies the imposition. Besides the matters heretofore noted in the opinion and many others, taxpayer claimed paid federal income taxes as deductible, and lumped these without segregation with other properly deductible taxes. In each year for which penalty was levied, there was at least one like instance. Albert Fihe claims he made similar mistakes against his own interest in these returns. Carelessness in one regard is no counterweight for carelessness in another for which a penalty is provided. Fihe has been a practicing lawyer for many years, and has had considerable business experience. He cannot claim ignorance as an excuse for his flagrant disregard of the revenue laws.

In view of our opinion, this appeal is baseless and the contentions advanced frivolous.

Affirmed.