EARLE E. COBB AND JANE M. COBB, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6797–79.     Filed November 12, 1981.

*Earle E. Cobb, Jr.*, pro se.
*David W. Johnson*, for the respondent.

SIMPSON, *Judge*: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $1,850.54 for 1975 and $795.58 for 1976. Also, for 1975, he determined an addition

to tax under section 6653(a) of the Internal Revenue Code of 1954[1] of $92.53. After concessions by the petitioners, the issues for decision are: (1) Whether in 1975 the petitioners made a deductible contribution to a validly created individual retirement account (IRA); (2) whether for 1975 and 1976 the petitioners are entitled to a deduction for automobile expenses in excess of the amounts allowed by the Commissioner; and (3) whether for 1975 the petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations.

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Earle E. Cobb and Jane M. Cobb, husband and wife, maintained their legal residence in San Antonio, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service, Austin, Tex.

During 1975 and 1976, Mr. Cobb was an attorney-at-law, employed by the law firm of Cobb, Thurmond & Bain, Inc. The offices of such firm were located in the Frost National Bank building in downtown San Antonio. In 1975, such firm incorporated, and Mr. Cobb became an employee thereof. Mr. Cobb received compensation from such firm of $35,300 during 1975 and $45,866.68 during 1976.

In 1974, Mr. Cobb established a Keogh plan[2] account with the Connecticut General Life Insurance Co. (Connecticut General). During 1975, Connecticut General's records indicated that Mr. Cobb had established a Keogh account, but that he had not established an IRA. On December 31, 1975, Mr. Cobb caused to be issued a check in the amount of $1,500 payable to the State Street Bank—trustee. He intended such check to be a contribution to an IRA.

On December 15, 1976, Mr. Cobb executed an account registration statement with Connecticut General for the

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

[2] See sec. 404(a)(8) and (9) and (e). Such plans are also referred to as H.R. 10 plans.

establishment of an IRA. On December 8, 1976, Mr. Cobb caused to be issued a check in the amount of $1,500 payable to State Street Bank & Trust. He intended such check to be a contribution to an IRA.

On their returns for 1975 and 1976, the petitioners claimed a deduction for contributions to an IRA in the amount of $1,500 for each of such years. In his notice of deficiency, the Commissioner disallowed the petitioners a deduction for a contribution in 1975. Instead, he allowed the petitioners a deduction of $17.84 for a contribution to a Keogh plan. Such amount equaled the petitioners' net Schedule C income as determined by the Commissioner, which determination the petitioners conceded. For 1976, the Commissioner allowed the petitioners a deduction of $1,495 for a contribution to an IRA. He disallowed $5 of the petitioners' contribution, since such amount was paid as a fee to Connecticut General. The petitioners conceded such disallowance.

In connection with his legal work, Mr. Cobb used his personal automobile to travel to his clients' offices and residences and to various courthouses and jails. However, during 1975 and 1976, most of such courthouses and jails were located in downtown San Antonio. Mr. Cobb also used such automobile to commute between his residence and his office and for other personal purposes. In addition to the automobile which he used for business purposes, Mr. Cobb also had one or two other automobiles which were used primarily for personal purposes.

On their 1975 return, the petitioners claimed a deduction of $2,438.43 for business use of an automobile, and on their 1976 return, they claimed a deduction of $2,889.97 for such purpose. Mr. Cobb computed such deductions based on checks he had written for oil, gas, maintenance, and repairs. However, the account on which such checks were written was used for both business and personal purposes, and the expenses for the nonbusiness automobiles were also paid from such account. Mr. Cobb kept no specific records as to the business use of his automobiles.

In his notice of deficiency, the Commissioner disallowed the petitioners' claimed automobile expense deductions for 1975 and 1976. Instead, he computed the petitioners' allowable

deduction based on 5,000 miles per year at 15 cents per mile, a deduction of $750 for each of such years.

## OPINION

The first issue we consider is whether in 1975 Mr. Cobb had complied with the requirements for the establishment of an IRA. Generally, subject to certain limitations and restrictions, section 219 allows a taxpayer a deduction for amounts paid in cash to an IRA (as described in section 408(a)) equal to the lesser of 15 percent of compensation includable in his gross income for the year or $1,500.

Section 408(a) defines an IRA as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the *written governing instrument creating the trust* meets the following requirements." (Emphasis added.) Section 1.408–2(a), Income Tax Regs., provides that an IRA must be a trust or custodial account (as described in section 408(h); see sec. 1.408–2(d), Income Tax Regs.) and that it must satisfy the requirements of section 1.408–2(b), Income Tax Regs. Section 1.408–2(b) provides, in part, that the instrument creating the trust (or custodial account) *must be in writing.* In addition, the committee reports accompanying the Employee Retirement Income Security Act of 1974, Pub. L. 93–406, 88 Stat. 829, which enacted sections 219 and 408, expressly state that a requirement of an IRA is that it be maintained under the provisions of a written governing instrument. H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.) 236, 367; S. Rept. 93–383 (1973), 1974–3 C.B. (Supp.) 1, 211. Thus, it is clear from the statute, the regulations, and the legislative history that for a contribution to an IRA to be deductible, there must be a written instrument governing such account which was extant by the time prescribed for the making of such a contribution.[3]

---

[3]Prior to 1977, to be able to deduct a contribution to an IRA, a taxpayer had to make such a contribution prior to the end of his taxable year. The Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1736, added sec. 219(c)(3) to the Code effective for taxable years beginning after Dec. 31, 1976. Such section provided that a taxpayer shall be deemed to have made a contribution to an IRA on the last day of the preceding taxable year if the contribution is made on account of such taxable year and is made not later than 45 days after the end of such taxable year. Such section was amended by the Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2803, effective for taxable years beginning after Dec. 31, 1977. As amended, such

During 1975, Mr. Cobb had only a Keogh account. It was not until December 15, 1976, when he executed the account registration statement with Connecticut General, that he had a written instrument governing his IRA. Hence, despite the fact that Mr. Cobb may have believed that in 1975 he had complied with the requirements of sections 219 and 408, there is no question that during such year, he had not complied with such requirements. Accordingly, the petitioners are not entitled to a deduction for Mr. Cobb's "contribution" to an IRA made during that year.

The petitioners argue that if their claimed deduction for a contribution to an IRA in 1975 is disallowed, they are entitled to a loss deduction under section 165, either as a loss from conversion or as a casualty loss. Such argument is without merit. Although there are adverse tax consequences on the premature withdrawal of contributions to a validly established IRA (see sec. 408(f)), the petitioners offered no evidence that Mr. Cobb had forfeited or could not withdraw the $1,500 which he sent to Connecticut General in 1975. See sec. 408(d)(5)(A). Therefore, the petitioners have failed to show that they have sustained a loss under section 165. See sec. 1.165–1(b) and (d), Income Tax Regs.

The next issue we consider is whether the petitioners are entitled to deductions for Mr. Cobb's business use of his personal automobile in excess of the amounts allowed by the Commissioner. It is clear from Mr. Cobb's testimony that he used his personal automobile for business purposes and that he should be allowed a deduction under section 162 for such use. However, it is equally clear from such testimony that the amounts of the deductions claimed by the petitioners were based merely on Mr. Cobb's unsupported estimate of his business use of his automobile and that he failed to maintain the type of records which would allow us to determine the amount of the allowable deductions with reasonable accuracy.

Mr. Cobb's computation of the deductions claimed by the petitioners was based on checks drawn on an account which he

section allows a taxpayer to deduct a contribution to an IRA if such contribution is made on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year (including extensions thereof).

used for both business and personal purposes. Checks drawn on such account were used to pay the expenses of both the automobile that he used for business purposes and those of the automobiles that were used for personal purposes. Mr. Cobb did not produce such checks at trial. In addition, Mr. Cobb admitted that he used his "business" automobile to commute between his home and his office, and the expenses thereof are not deductible. *Steinhort v. Commissioner*, 335 F.2d 496, 503 (5th Cir. 1964), affg. on this issue a Memorandum Opinion of this Court; *Foote v. Commissioner*, 67 T.C. 1, 6 (1976).

The petitioners have the burden of proving that they are entitled to deductions in excess of the amounts allowed by the Commissioner. Rule 142(a), Tax Court Rules of Practice and Procedure; *Welch v. Helvering*, 290 U.S. 111 (1933). Since Mr. Cobb's business use of his automobile was purely local in nature, the petitioners need not meet the stringent substantiation requirements of section 274(d). See sec. 1.274–5(a)(1), Income Tax Regs.; *Gestrich v. Commissioner*, 74 T.C. 525, 530–531 (1980), on appeal (3d Cir., Dec. 17, 1980). However, the petitioners must produce some evidence by which we can determine what portion of their automobile expenses was for business purposes and what portion was for personal purposes; the petitioners have utterly failed to produce such evidence, and therefore, we sustain the Commissioner's determination.

The final issue for decision is whether any part of the underpayment of tax for 1975 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The petitioners have the burden of showing that they exercised due care in the preparation of their 1975 return and the payment of tax for such year. *Bixby v. Commissioner*, 58 T.C. 757, 791–792 (1972); *Courtney v. Commissioner*, 28 T.C. 658, 669–670 (1957).

Mr. Cobb's explanation of the reason for claiming a deduction for a contribution to an IRA was that the requirements for establishing an IRA were unclear and that he believed that he had complied with such requirements. His explanation of the claimed deduction for business mileage was that the keeping of detailed records was bothersome, and that if he had kept such records, the deduction would have exceeded the amount claimed on the petitioners' 1975 return. Although he did not specialize in tax, Mr. Cobb was an attorney. We find his

explanations of the reasons for claiming deductions for a contribution to an IRA and for business mileage to be wholly unsatisfactory; as an attorney, he should have exercised greater care. See *Fihe v. Commissioner*, 265 F.2d 511, 513 (9th Cir. 1958), affg. a Memorandum Opinion of this Court. Accordingly, we sustain the Commissioner's imposition of an addition to tax under section 6653(a).

*Decision will be entered for the respondent.*