JAMES F. and JERIE J. LONERGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lonergan v. Commissioner
Docket No. 1780-81.
United States Tax Court
T.C. Memo 1982-346; 1982 Tax Ct. Memo LEXIS 403; 44 T.C.M. (CCH) 178; T.C.M. (RIA) 82346; June 21, 1982. James F. Lonergan, pro se. J. Michael Chitwood, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in and an addition to petitioners' 1978 Federal income tax of $3,006.92 and $150.34, respectively. After concessions the remaining issues are (1) whether a new principal residence tax credit claimed in 1975 must be recaptured in 1978, *405 (2) whether certain automobile and meal expenses of petitioner Jerie J. Lonergan are deductible, and (3) whether any part of petitioners' underpayment of tax was due to negligence. GENERAL FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, James F. and Jerie J. Lonergan, resided in Portland, Ore., at the time they filed their petition herein. Recapture of Residence Credit
FINDINGS OF FACT In July 1975, petitioners purchased a "new" home which qualified for a new residence credit of $1,402 under section 44(a).[1] A change in petitioner James F. Lonergan's employment required that he move from that home in 1977. Petitioners purchased a replacement home in February 1977. The replacement home had been owned and used as a residence prior to its purchase and use by petitionrs. In May 1977, petitioners sold the home for which they had previously claimed a new residence tax credit. In his notice of deficiency, respondent determined petitioners must recapture in 1978 all of the *406 $1,402 new residence credit claimed in 1975. OPINION At issue is whether petitioners must recapture the credit claimed with respect to their purchase of a residence in 1975. Generally, section 44(d) provides that the new principal residence credit is subject to recapture when a taxpayer disposes of the property which qualified for the credit within 36 months after the date in which it was acquired. However, no recapture is required if the taxpayer purchases a new principal residence within the applicable period prescribed in section 1034. Sec. 44(d)(2). Respondent contends petitioners must recapture the entire credit since they purchased a "used" home to replace the original residence. Petitioners contend the purchase of a "used" residence operates to avoid recapture. We agree with respondent. In order to avoid recapture, section 44(d)(2) requires the replacement home to be a "new principal residence." That term is defined as a principal residence, the original use of which commences with the taxpayer. Sec. 44(c)(1). Clearly, the statute does not allow a taxpayer to avoid recapture if he replaces his residence with a "used" residence. Moreover, a change of employment *407 is not the type of involuntary conversion which excuses recapture. See sec. 44(d)(3). Accordingly, petitioners must recapture in 1978 the $1,402 new residence credit they properly claimed in 1975. [2]
Meal and Automobile Expenses
FINDINGS OF FACT AND OPINION During 1978, petitioner Jerie J. Lonergan was a full-time employee of McCord Company of San Francisco, Calif. Her duties required that she periodically travel on official business. On their 1978 Federal income tax return, petitioners deducted $996 for meals and $952 for automobile expenses, a portion of such automobile expenses being attributable to local travel. [3] In his notice of deficiency, respondent disallowed those deductions. The issue is whether petitioners are entitled to deduct any of the claimed automobile and meal expenses. On this issue, we have before *408 us only the stipulated exhibits. No testimony from either petitioner was offered. Petitioners' only proof consists of two exhibits, an appointment book and a summary of the entries in the appointment book. The appointment book is in calendar form and contains petitioner Jerie J. Lonergan's handwritten notes of the names of unidentified people. Occasionally the place of a lunch or dinner can be ascertained. No entry in the appointment book contains a dollar amount for the cost of any meal, nor can the business purpose of any meal be ascertained.The summary recaps the appointment book entries on a monthly basis. Therein, dollar amounts are assigned to the cost of various luncheons and dinners, and mileage for both local and away from home trips are entered. There is no indication the summaries were compiled at or near the time the expenditures were incurred. Travel expenses while away from home and business meal expenses must satisfy the strict requirements of section 274(d) which provides no deduction is allowed for those types of expenditures unless the taxpayer substantiates by "adequate records" or by "sufficient evidence corroborating his own statement" the time, place, *409 amount and business nature of the expenditure. To meet the "adequate records" test, the taxpayer must keep an account book, diary, or similar record in which each element is recorded. The record must be prepared at or near the time of the expenditure.
We find petitioners have failed to meet the substantiation requirements of section 274(d) with respect to the cost of any meal or the cost of traveling while away from home. We are unaware of the business nature of any lunch or dinner.Moreover, the amounts of those expenditures, which appear in the monthly summaries, are not shown to have been entered at or near the time of the expenditure. No documentary evidence such as receipts, credit card charges, or canceled checks was introduced. The appointment book shows petitioner took overnight trips to Spokane, Olympia, and Seattle. The business purpose of those trips is not disclosed. Moreover, some deductions are clearly personal and non-business related. We further note a number of inconsistencies between the the entries in the appointment book and the monthly summaries. Taken together, petitioner's records are clearly inadequate. The appointment book and the monthly summaries *410 fail to meet the substantiation requirements of section 274(d).[4] Thus, we disallow the $996 deduction for the cost of meals, and we disallow all automobile expenses which are attributable to travel away from home which includes the overnight trips to Spokane, Olympia, and Seattle. However, of the total 5,600 miles of claimed business travel, we are convinced a portion represents a legitimate business expense for local travel which does not need to meet the section 274(d) substantiation requirements. Sec. 1,274-5(a)(1), Income Tax Regs.; Cobb v. Commissioner,77 T.C. 1096, 1101 (1981); Gestrich v. Commissioner,74 T.C. 525, 531 (1980), affd.     F.2d     (3d Cir., Apr. 28, 1982). "Bearing heavily" against petitioners whose "inexactitude" is of their own making, we find 1,500 miles fairly represents legitimate local business mileage. See Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). *411 At 17" per mile, we allow an automobile expense deduction of $255. Negligence Addition
FINDINGS OF FACT AND OPINION Respondent asserted an addition to tax of $150.34 under section 6653(a) for negligence. Petitioners overstated certain travel, entertainment, and education deductions. And, with respect to petitioner Jerie J. Lonergan's claimed travel and meal expenses, supra, a portion was clearly personal and non-business related. Petitioners have offered no excuse or justification for their reporting position. As part of the underpayment was due to negligence, we sustain respondent's addition to tax. To reflect concessions and the foregoing. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Since the applicable replacement period with respect to the sale of the original residence terminated in November 1978, 18 months after the May 1977 sale, the credit must be recaptured in petitioners' 1978 tax year. Sec. 1.44-4(a), Income Tax Regs.↩
3. Petitioners' $952 automobile expense was based on 5,600 miles at 17" per mile.↩
4. If a taxpayer fails to meet the "adequate records" test, he may substantiate the expenditure by "sufficient evidence corroborating his own statement." Since petitioners did not present corroborating evidence, they may not avail themselves of this alternative basis of substantiation.↩