KENNETH BULLOCK and GAIL BULLOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bullock v. Commissioner
Docket No. 8366-87.
United States Tax Court
T.C. Memo 1988-526; 1988 Tax Ct. Memo LEXIS 551; 56 T.C.M. (CCH) 636; T.C.M. (RIA) 88526; November 10, 1988
Kenneth and Gail Bullock, pro se. Mike E. Jorgensen, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, and Rule 180 et seq. [1]
Respondent determined deficiencies in, and additions to, petitioners' 1983 Federal income tax as follows: Additions To Tax, Secs.
Deficiency
6653(a)(1)
6653(a)(2)
$ 1,315 $ 65.75 50 percent of
the interest due
on $ 1,315
The issues for decision are: (1) whether petitioners are entitled to a deduction for contributions allegedly made to the Universal Life Church; (2) whether petitioners are entitled *553 to a deduction for other church contributions in the amount of $ 260; (3) whether petitioners are entitled to deduct Schedule C expenses in excess of the amount allowed by respondent; (4) whether petitioners are liable for additions to tax under sections 6653(a)(1) and 6653(a)(2); and (5) whether damages should be awarded to the United States pursuant to section 6673. Petitioners were residents of Longwood, Florida, at the time their petition was filed. No written stipulation of facts was filed with the Court. However, after trial commenced, the parties orally stipulated into the record petitioners' 1983 tax return and the notice of deficiency. Petitioners then conceded other adjustments determined in the notice of deficiency. 1. Universal Life Church Contributions Deduction
Petitioners claimed and respondent disallowed a charitable contribution to the Universal Life Church of Modesto, California (ULC Modesto) in the amount of $ 4,249.46. [2] In Burwell v. Commissioner,89 T.C. 580, 597 (1987), we stated, "Since 1980, this Court alone has considered more than 130 cases involving claimed charitable contributions to ULC Modesto substantially identical in *554 nature to those at bar. The claimed deduction has not been allowed in any of these cases." This case is no different. See also Telfeyan v. Commissioner,T.C. Memo. 1988-425. Petitioners' 1983 tax return discloses that petitioners earned wages reported on W-2 Forms totaling $ 13,242.39. Mr. Bullock also reported on a business Schedule C, gross income totaling $ 4,610.42 and expenses totaling $ 5,412.15, resulting in a net loss of $ 801.73. Petitioners reported no other gross income. During 1983, petitioners wrote 12 checks on their Orlando, Florida, bank account totaling $ 4,113. The checks, all of which were designated "Donation," were made payable to "Universal Life Church, Inc.," and deposited in other local Florida bank accounts. Only petitioners, along with their tax preparer, Scott Slayback, were authorized to sign *555 checks on their ULC Modesto accounts. Petitioners admitted that the monies deposited in these accounts were used to pay living expenses for rent, telephone, utilities and furniture. However, petitioners allege that their case is different from many similar cases decided by this Court against other taxpayers. Mr. Bullock argues that the rent paid was his "parsonage allowance * * * for the rent of the office of the church," and that payment of rent and other residential expenses was in support of his "personal ministry of a different type," a ministry "dealing with the young and the youth." It is well established that deductions are a matter of legislative grace, and that taxpayers must satisfy the specific statutory requirements for the deductions they claim. Davis v. Commissioner,81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Taxpayers bear the burden of proving their entitlement to the deductions they claim. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). A deduction is allowable under the provisions of section 170 when a contribution or gift is made to a qualified organization *556 which is organized and operated exclusively for religious or charitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual. Here, petitioners' dominion and control over their FloridaULC accounts precludes a finding that petitioners have made a charitable contribution or "gift." See Davis v. Commissioner,81 T.C. at 817. Furthermore, because of petitioners' failure to cooperate with respondent in preparing a written stipulation of facts,there is no documentary evidence supporting the formation and operation of petitioners' ULC "church" or chapter, only petitioners' self-serving incredible testimony. There is no evidence that either petitioner has had religious background or training. It is clear that petitioners have failed to prove that their "church" was "organized and operated exclusively for religious purposes." Sec. 170(c)(2)(B). See Calvin K. of Oakknoll v. Commissioner,69 T.C. 770, 773 (1978), affd. without published opinion 603 F.2d 211 (2d Cir. 1979). Finally, no deduction is allowable when the ULC account deposits, as here, inure to the benefit of the taxpayers in *557 question. Sec. 170(c)(2)(C); McGahen v. Commissioner,76 T.C. 468, 482-483 (1981), affd. without published opinion 702 F.2d 664 (3d Cir. 1983). Respondent is sustained as to this issue. 2. Other Contributions
In addition to the ULC Modesto deduction, petitioners claimed unidentified cash contributions of $ 260, which petitioners claim on brief "was placed in cash in another church the petitioners attended on Sundays." At trial, petitioners failed to assert that the amount in question was separate from the claimed ULC Modesto deductions. Since petitioners' claim lacks documentary corroboration, the deduction is disallowed. See Fixel v. Commissioner,T.C. Memo. 1974-197, affd. without opinion 517 F.2d 1400 (5th Cir. 1975). 3. Schedule C Expenses
The parties have orally stipulated that respondent, in his notice of deficiency, allowed as deductions $ 2,404 of $ 5,412.15 business expenses claimed by Mr. Bullock. This allowance of approximately 46 percent of the business gross receipts is based upon Industry Norms and Key Business Ratios produced by Dun and Bradstreet Credit Services. To prevail on this *558 issue, petitioners must prove that they incurred expenses in their real estate/newspaper distribution business in excess of $ 2,404, the amount allowed by respondent. To substantiate their claimed local auto mileage (25,001 miles) expenses of $ 4,004.49, petitioners allege they drove between 75-78 miles a day for five months in connection with the newspaper distribution business and the remaining mileage in their real estate business. However petitioners provided no reconstructed mileage logs or odometer readings to establish that they incurred deductible travel expenses in addition to those allowed. Petitioners also submitted canceled checks totalling $ 839.96. [3] Many of these are auto repair expenses. However, petitioners have completely failed to present sufficient evidence by which we can determine the allocable business and personal portions of auto usage. No additional deduction is therefore allowable. Cobb v. Commissioner,77 T.C. 1096, 1101 (1981). 4. Additions To Tax Under Sections 6653(a)(1) and 6653(a)(2)
Respondent has determined that petitioners' underpayment *559 of tax is due to negligence or the intentional disregard of rules and regulations and has determined additions to tax under section 6653(a). It is well established that petitioners bear the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). This Court has repeatedly sustained these additions to tax in cases involving purported charitable contributions to "churches" that simply represent the use of funds for personal and family expenses. See Davis v. Commissioner, supra at 820-821. See also Adamson v. Commissioner,T.C. Memo. 1986-489; Riggs v. Commissioner,T.C. Memo. 1986-317; Zollo v. Commissioner,T.C. Memo. 1986-60. Petitioners have failed to present any evidence on this issue. Accordingly, respondent is sustained. 5. Damages Under Section 6673
Section 6673 provides an award for damages to the United States in an amount not in excess of $ 5,000 with respect to all actions commenced after December 31, 1982, when it appears to us that the proceedings have been instituted or maintained by the taxpayer before this Court primarily for delay or that the *560 taxpayer's position in these proceedings is frivolous or groundless. We now consider respondent's motion for damages under section 6673 affirmatively alleged in his Answer and renewed by oral motion at trial. In this case, both the Court and respondent advised petitioners during trial of the provisions of section 6673 and that this Court had repeatedly found deductions based on claimed donations to ULC Modesto to be without merit. Nevertheless, petitioners provided the Court with nothing but the same repetitious and frivolous arguments which we have repeatedly rejected. Damages are awarded to the United States in the amount of $ 1,000. [4]
*561 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. The total amount of ULC Modesto contributions disclosed on petitioners' Schedule A-Itemized Deductions was $ 3,757, plus a carryforward from the prior year of $ 232.46, a total of $ 3,989.46. Petitioners have alleged on brief that the balance of $ 260 was contributions to another church, which we have considered a separate issue.↩
3. Petitioners submitted seven checks totaling approximately $ 400 written in 1984.↩
4. We have consistently awarded damages to the government in cases involving the issue of claimed charitable deductions to ULCModesto. Burwell v. Commissioner,89 T.C. 580, 597-599 (1987). See also Telfeyan v. Commissioner,T.C. Memo. 1988-425; Mulvaney v. Commissioner,T.C. Memo. 1988-243; Meade v. Commissioner,T.C. Memo. 1988-108. We have also awarded damages in cases where the taxpayer asserted a frivolous ULC argument and another argument. See Mulvaney v. Commissioner, supra,↩ and cases cited therein.