PHILIP PAUL BASSETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bassett v. Commissioner
Docket No. 11858-91
United States Tax Court
T.C. Memo 1992-546; 1992 Tax Ct. Memo LEXIS 573; 64 T.C.M. (CCH) 751; September 16, 1992, Filed *573 Decision will be entered under Rule 155. For Philip Paul Bassett, pro se. For Respondent: Paul Colleran. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in petitioner's Federal income taxes, increased interest, and additions to tax as follows: Increased Interest and Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6621(c)
6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1987
$ 9,952
*
$ --
$ 498 **
$ 2,488
1988
7,964
*
398
-- --
1,991
After concessions, the primary issue for decision is the deductibility under section 162 of expenses incurred in researching and writing a manuscript. [1]
*574 FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Nashua, New Hampshire, at the time he filed his petition. As a college student, petitioner demonstrated an aptitude for mathematics and science. Petitioner successfully completed a master's degree in physics and, after graduation, petitioner obtained employment working with computers. During 1987 and 1988, petitioner worked full time for Hadco Corp. (Hadco) as a systems analyst. Although well educated and profitably employed, petitioner believed that corporate employment stifled his creativity and initiative. Petitioner, therefore, engaged in a number of extracurricular activities unrelated to his employment with Hadco. During 1982 and 1983, petitioner spent much of his time in the development of a computer program to keep records of grocery shopping bills. During 1984 and 1985, petitioner developed a monthly index of microcomputer ads and articles. During 1985 and 1986, petitioner developed an index of articles pertaining to Macintosh computers. During 1987 and 1988, petitioner produced and attempted to market a manuscript entitled Homo Ignoramus, a rambling, poorly-written *575 exposition of petitioner's view of the world and of his many frustrations with society. Homo Ignoramus has not been formally published, nor has it been offered to a publisher. Homo Ignoramus, among other things, is a story about two aliens who arrive on planet Earth and find Earth devoid of people. In the story, one alien finds a book and hands it to the captain of the aliens explaining -- Sir, I think that we have found it. It is remarkable, how every inhabitable planet's dominant life-form that degenerates to some form of self-destruction and environmental devastation always leaves behind a well-documented study of how it would possibly happen. * * * Homo Ignoramus purportedly is the written study, authored by petitioner, of the self-destruction and devastation that is occurring on the Earth. Petitioner, among other purposes, intended Homo Ignoramus to "irritate the elitist so-called professional writers and journalists of the world * * * who * * * have the * * * occupation of writing tied up so tight, it is almost terminally constipated." Obviously, petitioner did not classify himself as a professional writer. The writing of Homo Ignoramus, in conjunction with related *576 research activities, appears to have provided petitioner with significant personal pleasure. Much of petitioner's "research" for Homo Ignoramus consisted of watching television and of taking long weekend drives to various bookstores. Indeed, most of petitioner's claimed expenses relate to items of primarily a personal nature. Petitioner did not realize income from any of his extracurricular activities. Over a period of approximately 7 years, however, petitioner reported $ 160,000 of losses relating to his various extracurricular activities. On his 1987 and 1988 Federal income tax returns, petitioner claimed the following deductions with respect to the research and writing of Homo Ignoramus: 1987
1988
Advertising
$    561
$    924
Bad Debts
-- 825
Bank Service Charges
109
84
Books & Manuals
877
724
Car & Truck Expenses
743
570
Depreciation & Sec. 179 Deduction
12,750
13,203
Dues & Publications
1,863
1,435
Freight
4
268
Insurance
538
444
Interest
5,194
4,108
Office Expense & Postage
100
113
Postal Service Fees
103
72
Rent (1/3 of Home)
2,630
2,845
Repairs
-- 257
Software
474
618
Storage Fees
445
481
Supplies
1,746
1,914
Taxes
220
237
Tolls
-- 5
Utilities & Telephone
576
618
Totals
$ 28,933
$ 29,745
*577 The above expenses include depreciation with respect to the use of one-third of petitioner's home and three-fourths of the use of petitioner's car. Petitioner's records indicate that the books, manuals, dues, and publications petitioner deducted as business expenses include technical computer journals as well as Penthouse magazine. On audit, respondent disallowed petitioner's losses for 1987 and 1988 on the ground that the research and writing of petitioner's manuscript was not an activity engaged in for profit. OPINION In order to deduct under sections 162 or 183 expenses relating to an activity in excess of income from the activity, the expenses must be attributable to an activity undertaken with an actual and honest profit objective. Dreicer v. Commissioner, 78 T.C. 642, 644-646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Deductions are strictly a matter of legislative grace, and taxpayers generally bear the burden of proving entitlement to deductions claimed on their Federal income tax returns. Rule 142(a); Indopco, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039, 1043 (1992); *578 Muserlian v. Commissioner, 932 F.2d 109, 112 (2d Cir. 1991), affg. T.C. Memo. 1989-493. Taxpayers' expectations of profit need not be reasonable. Taxpayers' declarations of profit objective are, however, not controlling. Dreicer v. Commissioner, supra at 644-646; Golanty v. Commissioner, 72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Determinations of profit objective are made upon consideration of all of the relevant facts and circumstances, with greater weight placed on objective facts than on taxpayers' mere statements of intent. Hulter v. Commissioner, 91 T.C. 371, 393-394 (1988); Dreicer v. Commissioner, supra at 645; Golanty v. Commissioner, supra at 425-426; sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors to be considered in determining the existence of the requisite profit objective. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), *579 affd. 615 F.2d 578 (2d Cir. 1980). The existence of a profit objective is determined primarily upon the facts and circumstances of each case. See Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Golanty v. Commissioner, supra at 425-426; Wardrum v. Commissioner, T.C. Memo. 1990-121, affd. without published opinion 940 F.2d 646 (1st Cir. 1991). Petitioner has not established that his activities in researching and writing Homo Ignoramus were undertaken with an actual and honest profit objective. Dreicer v. Commissioner, supra at 645. The contents of Homo Ignoramus are ludicrous and practically guarantee that no profit will ever be realized therefrom. Petitioner's research and writing activities provided petitioner with significant personal pleasure, emotional release from his frustrations, and claimed income tax deductions. Petitioner's activities in this case never generated a profit. Respondent is under no duty to subsidize petitioner's personal recreational activities. See Elliott v. Commissioner, 90 T.C. 960, 972-973 (1988), *580 affd. without published opinion 899 F.2d 18 (9th Cir. 1990). On this record, we conclude that petitioner's research and writing of Homo Ignoramus did not have an actual and honest profit objective and that the expenses in issue are not deductible as ordinary and necessary business expenses under section 162. Additions to Tax and Increased Interest
Respondent determined that petitioner's entire underpayment of Federal income taxes for 1987 and 1988 was due to negligence. With respect to 1987, section 6653(a)(1)(A) and (B) provided for additions to tax equal to 5 percent of the underpayment and 50 percent of the interest due on the portion of the underpayment attributable to negligence. With respect to 1988, section 6653(a)(1) provided for an addition to tax equal to 5 percent of the underpayment. Negligence under these sections is the failure to exercise due care, or the failure to do what a reasonable or an ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985). *581 Petitioner bears the burden of proving that his underpayments of tax were not attributable to negligence. Rule 142(a); Cobb v. Commissioner, 77 T.C. 1096, 1101 (1981); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner has failed to meet his burden of proof, and respondent's additions to tax for negligence are sustained. Petitioner has made no argument with regard to increased interest under section 6621(c), or with regard to the additions to tax under section 6661 (for substantial understatement of tax liability). Petitioner has failed, therefore, to meet his burden of proof on these items. In light of the foregoing, we sustain all additions to tax and increased interest determined by respondent. Decision will be entered under Rule 155. Footnotes
*. 120 percent of the interest accruing on the portion of the underpayment attributable to a tax-motivated transaction. ** 50 percent of the interest due on the portion of the underpayment due to negligence.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩