Beghe, J., concurring: My impression is that it was due to mere inadvertence, a ministerial omission, that respondent’s employees charged with the responsibilities of preparing and sending the notice of deficiency failed to stamp the date for filing the petition at the appropriate space provided on the notice form; it was not with the intention of flouting the expressed will of Congress. After all, the Commissioner has redesigned the statutory notice form so that it provides a space for stamping the date by which the petition must be filed; the vast majority of the statutory notices that are issued bear the requisite date stamp, and nothing we say or do in the majority opinion encourages the Commissioner to be less than diligent in his continuing efforts to achieve 100-percent compliance with the Congressional mandate. It’s also my impression, consistent with the majority’s inference that there was no detrimental reliance or confusion on petitioner’s part, that he decided to file the petition more than 90 days after issuance of the notice with a view to testing its validity. Since petitioner, a member of the bar, chose not to testify in the hearing on the cross-motions, I’m comfortable in making this inference. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. on other grounds 162 F.2d 513 (10th Cir. 1947). I agree with the majority and Judges Foley and Swift that the statute, despite its imperative mood and lack of a saving provision like the second sentence of section 7522(a), doesn’t require us to invalidate the notice. To invalidate the notice would impose a disproportionately severe sanction against the fisc. Any impression created by the Commissioner’s occasional mistake, evidenced by this case, and by Smith v. Commissioner, 114 T.C. 489 (2000) (upholding validity of similar notice where taxpayer filed petition within 90-day period specified by section 6213(a)), that the Commissioner is flouting the expressed will of Congress, is belied by the revised format of the notice form and the directions and instructions in the Internal Revenue Manual.[1] Having expressed agreement with the majority’s upholding of the notice, what should we do with the petition, in the absence of any argument of detrimental reliance or any evidence of petitioner’s confusion? The Court’s response to a somewhat analogous situation in Shea v. Commissioner, 112 T.C. 183, 207 (1999), at least raises the question whether some sanction against respondent or relief to petitioner would be appropriate. I join the majority in answering the question in the negative in this case. Because petitioner has failed to dispel the impression that the late filing of his petition was a product of his conscious resolve to test the validity of the notice, or even to allege that he was confused by the notice, I don’t believe he’s entitled to a ticket of admission to the Tax Court. I’m therefore comfortable in making our usual comment that he’s not without a remedy — he can pay the deficiency, and claim and sue for a refund, see, e.g., Zimmerman v. Commissioner, 105 T.C. 220, 226 n.4 (1995) (citing McCormick v. Commissioner, 55 T.C. 138, 142 (1970)). In any event, attorneys, who are professionally charged with the responsibility generally of counting days for statute of limitations purposes — not just in tax cases — should be held to a higher standard than other pro se petitioners. Cf. Rendina v. Commissioner, T.C. Memo. 1996-392; Sisson v. Commissioner, T.C. Memo. 1994-545; deRochemont v. Commissioner, T.C. Memo. 1991-600 (citing Whitaker v. Commissioner, T.C. Memo. 1988-418 (citing Fihe v. Commissioner, 265 F.2d 511, 513 (9th Cir. 1958), affg. a Memorandum Opinion of this Court)). All this leaves for another day the question of what to do with the casé of a late-ñling pro se lay petitioner who might be suffering from cognitive deficit, dyscalculia, or other disability. The resulting residual uncertainty about what we would do in such a case should help to stiffen the Commissioner’s resolve to achieve 100-percent compliance in the future. See, e.g., 2 Audit, Internal Revenue Manual (CCH), sec. 4.3.19.1.8.2, at 7712 (statutory notice letter must include the last day taxpayer can file petition with Tax Court); 2 Audit, Internal Revenue Manual (CCH), Exhibit 4.3.19.1-2, at 7748 (form of deficiency notice cover letter, as revised in 1999, includes heading “Last Day to File a Petition With the United States Tax Court:”); 2 Audit, Internal Revenue Manual (CCH), sec. 4.3.19.1.6.3, at 7709 (issuer of deficiency notice must enter “Last Day to File” date in the form letter).