T.C. Memo. 2015-212

UNITED STATES TAX COURT

JEFFERSON CARTWRIGHT AND JUDITH CARTWRIGHT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29107-12.                    Filed November 3, 2015.

Diane E. Tebelius, for petitioners.

Patsy A. Clarke, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies and penalties with

respect to petitioners' Federal income tax as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2007 | $21,938 | $4,387.60 |
| 2008 | 69,467 | 13,893.40 |
| 2009 | 67,116 | 13,423.20 |

Petitioners have conceded numerous issues relating to respondent's determinations disallowing substantial amounts of their claimed business expense deductions and some personal itemized deductions for the tax years involved herein. Thus the issues remaining for decision are: (1) whether the burden of proof shifted from petitioners to respondent pursuant to section 7491(a); (2) whether petitioners are entitled to depreciation and section 179 expense deductions greater than respondent allowed for the business use by Jefferson Cartwright (petitioner) of a Navigator Rambler Motor Home (Navigator) for the tax years 2008 and 2009; and (3) whether petitioners are liable for section 6662(a) accuracy-related penalties for the tax years 2007, 2008, and 2009. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]                                    FINDINGS OF FACT

Most of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioners resided in Washington State when they filed their petition.

Petitioner is an orthopedic surgeon.  While serving as an officer in the U.S. Army, he received his medical degree in 1989 from Southwestern Medical School in Dallas, Texas.  He completed his internship in June 1990 at William Beaumont Army Medical Center in El Paso, Texas.  In September 1990 he became a flight surgeon with the U.S. Air Force, 101st Airborne Division, and served in Saudi Arabia.  He returned to the United States in 1992 and completed his residency in orthopedic surgery in 1996 at the William Beaumont Army Medical Center.  After practicing medicine in Texas for several years, petitioner moved in 2005 to Arlington, Washington.

During the years in issue petitioner operated his medical practice in Arlington, Washington.  He also worked as an on-call physician and staff surgeon at Skagit Valley Hospital (hospital) in Mount Vernon, Washington.  His Arlington home was 25 miles from the hospital.

As an on-call physician and surgeon at the hospital, petitioner was required to work a 24-hour period three days a month from Friday through Sunday.  If

**[*4]** petitioner was notified in emergency situations to report to the hospital, he was required to arrive within one hour. In certain instances he was instructed to respond to pages within 20 minutes and "stat" pages within 5 minutes.

On March 20, 2008, petitioners purchased their Navigator. Petitioner drove it from his Arlington home to the hospital when he reported for on-call duty. He parked it in the hospital parking lot near its emergency room so that he could rest and sleep in the Navigator when he was not needed inside the hospital. Because petitioner himself suffers from very serious and chronic medical conditions, he thought the use of the Navigator would help him better serve his patients. It was there that he reviewed patient charts on his computer and referred to his medical books. He did not treat patients in the Navigator. Petitioners maintained mileage logs for their business and personal use of the Navigator in 2008 and 2009.

Petitioners timely filed their joint Federal income tax returns for the years in issue. On Schedules C, Profit or Loss From Business, attached to their 2008 and 2009 Federal income tax returns, petitioners reported business expense deductions for depreciation and section 179 expenses relating to petitioner's business use percentages for the Navigator for 2008 and 2009 in the respective amounts of 85% and 100%. They have not explained at any time how they determined those percentages.

**[*5]** In the notice of deficiency respondent determined petitioner's business use percentages as 19.42%, or 948 miles of the total 4,881 miles driven during 2008, and 22.23%, or 663.68 miles of the total 2,988 miles driven during 2009. In doing so respondent reviewed petitioners' mileage logs, odometer readings, service invoices, and statements in determining the business use mileage of the Navigator for 2008 and 2009. Petitioners' mileage logs and other records show that for most of 2008 and all of 2009 they used the Navigator primarily for personal rather than business reasons. Petitioners used it to provide volunteer services for the Rotary Club; for Judith Cartwright to practice driving it in 2008; for petitioner to travel from his home to the hospital when he was on call and to return; and for petitioners to travel to the KOA campground in Polson, Montana, on July 29, 2008, to Camping World on March 14, 2009, to Freightliner on June 13, 2009, to Haller Park on July 4, 2009, and to Great Wolf Lodge with the Anesthesia Group and their families on December 30, 2009. Most use of the Navigator for both years was for petitioners' personal activities and convenience and not for business purposes.

**[\*6]**                                              OPINION

## I.    Burden of Proof

Generally taxpayers have the burden of proving that the determinations in the notice of deficiency are incorrect.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Taxpayers particularly bear the burden of proving that they are entitled to claimed deductions.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Taxpayers must also maintain adequate records to substantiate the amounts of any deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

In their opening brief petitioners argue, for the first time, that the burden of proof should shift to respondent pursuant to section 7491(a) with regard to the allocation of business use of the Navigator.  Section 7491(a) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability if the taxpayer provides credible evidence with respect to that issue and also satisfies other conditions, including substantiation, maintaining required records, and cooperation with the Government's requests for information.  Sec. 7491(a)(1) and (2).  Taxpayers bear the burden of proving that they have met the section 7491(a) requirements.  <u>Rolfs v. Commissioner</u>, 135 T.C. 471, 483 (2010), <u>aff'd</u>, 668 F.2d 888 (7th Cir. 2012).

**[\*7]** On the basis of the record in this case, we hold that the burden of proof has not shifted to respondent because petitioners did not comply with all substantiation requirements regarding their business and personal use of the Navigator.

II.     Allocation of Business Depreciation and Section 179 Expense Deductions for the Navigator

Section 162(a) allows a deduction for all ordinary and necessary expenses paid in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). "Ordinary" means that which is "normal, usual, or customary" in the type of business in which the taxpayer is engaged. Deputy v. du Pont, 308 U.S. 488, 495 (1940). A necessary expense is one that is "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. However, personal expenses are not deductible. Sec. 262(a). In general the cost of daily commuting to and from work is a personal expense and therefore not deductible. See Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs.

Section 167(a) allows as a depreciation deduction a reasonable allowance for the "exhaustion, wear and tear" of property used in a trade or business. Where property is used for business and personal purposes, the allowable deduction is

**[*8]** measured by the percentage of business use. <u>Noyce v. Commissioner</u>, 97

T.C. 670, 693 (1991); <u>see</u> <u>Cobb v. Commissioner</u>, 77 T.C. 1096, 1101-1102

(1981); <u>Henry Schwartz Corp. v. Commissioner</u>, 60 T.C. 728, 744 (1973).

Respondent agreed that petitioner used the Navigator for business purposes

when he was on call performing medical services at the hospital but contends that

the allowable depreciation deductions and section 179 expenses for the Navigator

should be allocated between business use and personal use. To the contrary

petitioner contends that the Navigator was used as a "mobile office" for 85% of

the time he was performing on-call duties at the hospital for three days each month

from May through December 2008 and 100% for such periods each month for all

of 2009. He argues that respondent's method of calculating a business use

percentage based entirely on petitioners' own mileage logs does not accurately

reflect the Navigator's correct business use.

Petitioner testified that, because of his serious health problems, he used the

Navigator in performing some of his on-call duties at the hospital and that in doing

so he was better able to serve his patients and saved the cost of renting an office

near the hospital. Nevertheless, we are not persuaded that he was entitled to

allocate 85% of the Navigator's use for business for 2008 and 100% for 2009.

The documentary evidence shows only that petitioner's business use of the

**[*9]** Navigator was 27 days in 2008 and 36 days in 2009 and that both petitioners used the Navigator for personal purposes for the remainders of those years.

After examining petitioners' statements, mileage logs, odometer readings, and service invoices, respondent determined allowable depreciation and section 179 expense deductions according to the business use of the Navigator of 19.42% and 22.23% of the total mileage for 2008 and 2009, respectively. On this record respondent's determinations were fair, reasonable, and correct. Therefore, we sustain respondent's business use percentages for the Navigator. Accordingly we hold that petitioners are not entitled to business depreciation and section 179 expense deductions for the Navigator greater than respondent has allowed.

III.    Section 6662(a) Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. A substantial understatement is an understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Because we determine that there is a substantial understatement of income tax, we need not address negligence.

[*10] Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Respondent has satisfied the burden of production by showing that there were substantial understatements because the amounts of the understatements exceeded 10% of the tax required to be shown on the returns and are greater than $5,000.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate--for example, by showing that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally the most important factor is the extent of the taxpayer's effort to assess her or his proper tax liability. Id. While reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith, such reliance can establish reasonable cause and good faith "if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith." Id.

**[\*11]** Although on brief petitioners argue that they relied on the advice of their accountant, who was also the return preparer, neither the return preparer nor Judith Cartwright, who was present at the trial, testified.  We therefore assume their testimony would not have aided petitioners.  See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947).  Furthermore, petitioner did not testify that he relied on the return preparer.  There is no evidence in the record as to the competence and expertise of the return preparer, and it appears that he relied solely on petitioners' representations.  Under the circumstances petitioners are not entitled to rely on their return preparer to avoid the section 6662(a) penalties determined.  See DJB Holding Corp. v. Commissioner, __ F.3d __, __, 2015 WL 5827565, at \*12-\*14 (9th Cir. Oct. 7, 2015), aff'g T.C. Memo. 2011-36; Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioners conceded that respondent properly disallowed for lack of substantiation rather large amounts of their claimed Schedule C business deductions for insurance, interest, meals and entertainment, travel, office expenses, and other expenses; deductions on Schedule A, Itemized Deductions, greater than respondent allowed; and a capital loss on Schedule D, Capital Gains

**[\*12]** and Losses, greater than respondent allowed. They have offered neither explanation nor justification of these erroneous claims.

Therefore we conclude that petitioners have failed to prove that they acted with reasonable cause and in good faith. Accordingly we hold that petitioners are liable for the section 6662(a) penalties for 2007, 2008, and 2009 relating to all conceded issues as well as those for the Navigator for 2008 and 2009.

We have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.